IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM VRAZEL, et al. | § § | PLAINTIFFS |
| v. | § § | 1:06-CV-657LG-RHW |
| MISSISSIPPI STATE PORT AT GULFPORT, MISSISSIPPI STATE PORT AUTHORITY, MISSISSIPPI DEVELOPMENT AUTHORITY, TURBANA CORP., CHIQUITA FRESH NORTH AMERICA L.L.C., DOLE FOOD COMPANY, INC., CROWLEY AMERICAN TRANSPORT, INC., CROWLEY LINER SERVICES, INC., ABC CORP., and XYZ CORP. | § § § § § § § § § § | DEFENDANTS |

## ORDER GRANTING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Plaintiffs For Certification of an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b).  The responding Defendants do not oppose the Motion.  For the reasons stated below it is the opinion of the Court that immediate resolution of jurisdictional questions, the length of the Court's proceedings saved by reversal of an erroneous ruling, and the burdens imposed on the parties by an erroneous ruling justify an interlocutory appeal of this Court's order.

DISCUSSION

This case was removed by Crowley American Transport, Inc. and Crowley Services, Inc. (collectively referred to as "Crowley") alleging that the non-diverse defendants, the Mississippi State Port Authority ("MSPA"), the Mississippi Development Authority ("MDA"), and the Mississippi State Port at Gulfport were improperly joined in order to defeat diversity. The Plaintiffs sought remand.  The Court found that the MSPA and the MDA, as agencies of

the State of Mississippi, are cloaked with statutory immunity from liability for the conduct alleged in Plaintiffs' civil complaint and that under Mississippi law there was no possibility of liability upon the non-diverse Defendants.  Consequently, the joinder of the MSPA and the MDA was improper and Plaintiff's Motion to Remand was denied.[1]

To certify an interlocutory appeal this Court must state that it is of the opinion that the order denying Plaintiff's Motion to Remand,

(1) "involves a controlling question of law,"

(2) "as to which there is substantial ground for difference of opinion," and

(3) "that an immediate appeal may materially advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b)[2].

There are presently pending in this Court 42 civil complaints which allege facts and causes of actions which are identical to those in this case.  All of these cases have been removed to this Court and many have pending motions to remand.  Additional cases are anticipated.  Consequently, the diversity jurisdiction of this Court will be at issue in all of these cases.  Although the "Mississippi Emergency Management Law," MISS CODE ANN. § 33-15-1 *et seq.,*

---

[1] The Court entered a text Order adopting its findings and conclusion in *Lindsey v. Mississippi State Port At Gulfport, et al.,* Civil Action No. 1:06CV565LG-RHW.

[2] **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

appears to grant total immunity for "any emergency management activities" undertaken by the MSPA or the MDA prior to, during or after Hurricane Katrina, there are no Mississippi Supreme Court decisions which interpret the effect or scope of § 33-15-1.  Moreover, due to the large number of pending cases raising identical issues which call into question the diversity jurisdiction of the Court, early review may advance the ultimate termination of the litigation.  Therefore, it is the opinion of the Court that its Order denying Plaintiffs' Motion to Remand involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

**IT IS ORDERED AND ADJUDGED** that Plaintiffs' Motion For Certification of an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b), [37] of the Court's Order Denying the Plaintiffs' Motion to Remand the above styled and numbered cause, should be, and is, hereby **GRANTED.**  Plaintiffs may seek leave to appeal as provided by 28 U.S.C. § 1292(b) and FED. R. APP. P. 5.

**SO ORDERED AND ADJUDGED** this the 27th day of November, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
